IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. CR 1:24-00434-001 JB |
| JAREMY ALEXANDER SMITH, | § § § | |
| Defendant. | § | |

## DEFENDANT'S RESPONSE TO MOTION FOR PROTECTIVE ORDER [DOC. 32]

COMES NOW, Defendant, Jaremy Alexander Smith, by and through his attorneys of record, Assistant Federal Defenders, Devon M. Fooks, Daniel B. Snyder, and Hadley Brown, and hereby files his response to Plaintiff's Opposed Motion for Protective Order [Doc. 32].

## INTRODUCTION

On April 22, 2024, Plaintiff filed a Motion for Protective Order. [Doc. 32]. In said motion Plaintiff moves the Court pursuant to Federal Rule of Criminal Procedure 16(d)(1) to enter an order whereby counsel for Mr. Smith would not be able to leave materials in Mr. Smith's possession that include personally identifiable information about victims and witnesses. [Doc. 32, ¶5(a)(vi)]. Plaintiff further requests that names, birth dates, social security numbers, addresses, photographs, and audio and video recordings also not be left with Mr. Smith. *Id.* Mr. Smith is requesting a slight modification to the proposed order which would allow Mr. Smith to retain documents that contain the names of the individuals who are mentioned therein along with photographs, audio and video recordings that do not contain personal identifying information.

# ARGUMENT

Plaintiff's request for protective order is overbroad and not supported by the facts of the case or by law.

Federal Rule of Criminal Procedure 16(d)(1) states that:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Counsel for Mr. Smith does not object to a protective order which provides for the redaction of victims' names and personal identification information of witnesses other than their names.  As such, counsel has no quarrel with much of what Plaintiff is requesting; however, Plaintiff's motion also requests that documents that contain the names of witnesses as well as photographs, audio and video recordings also be withheld from Mr. Smith and "third parties."[1]

## Witness Names

Plaintiff's motion states that, "defense counsel may leave materials in the possession of their clients and third parties only if such materials do not include personally identifiable information about victims and witnesses, including but not limited to names, birth dates, social security numbers, addresses, photographs, and audio and video recordings." [Doc. 32, ¶5(a)(vi)].  Federal Rule of Criminal Procedure 16(d)(1) requires that Plaintiff must demonstrate "good cause" before the Court can enter an order restricting the dissemination of discovery.  Plaintiff has not stated good cause for

---

[1] It is unclear who the "third parties" are. If they include the people identified in paragraph 5(a)(iii) and (v) (defense team members other than counsel and experts), then Mr. Smith objects to the government's proposed restriction as unnecessary and unworkable. If it is intended to apply only to witnesses and their counsel (paragraph 5(a)(iv)), then Mr. Smith does not object to the proposed restriction.  Mr. Smith proposes that the phrase "third parties" be replaced with "witnesses and their counsel".

preventing Mr. Smith from having documents in his possession which contain the names of witnesses.

If counsel is not able to provide Mr. Smith with discovery that contains the names of witnesses, counsel would scarcely be able to provide Mr. Smith with any discovery at all. Discovery is frequently riddled with individuals who spoke with law enforcement, who provided information related to the case to other individuals and the names of the law enforcement agents themselves. Indeed, it is hard to imagine a report drafted by law enforcement which does not contain any names. Should this Court grant Plaintiff's motion there would be scant few documents which Mr. Smith would be allowed to possess to review at all.

For example, Plaintiff previously provided counsel with a report from the New Mexico State Police detailing some of the efforts law enforcement took to collect evidence from the decedent. Numerous individuals other than the decedent were mentioned as they each either played a small role in assisting the police officer in collecting the property or spoke to the officer collecting the evidence. If this Court were to grant Plaintiff's motion, counsel for Mr. Smith would be prohibited from leaving this report with Mr. Smith even if the personal identification information of the decedent were redacted. None of the other individuals named are victims or otherwise entitled to have their names redacted from the discovery. They are, in large part other law enforcement officials. The government has not stated any reason as to why this Court should prevent Mr. Smith from having this information with him in his cell for his review.

### *Photographs, Audio and Video Recordings*

Plaintiff also asks that the defense not leave any photographs or audio and video recordings with Mr. Smith but provides no reasons as to why these items need to be restricted. Again, if these items contain personal identifier information (such as addresses, phone numbers, or social security

numbers), counsel has no quarrel with this Court entering an order protecting their disclosure but without anything more the request is overly broad and without a stated good faith basis. For example, Plaintiff disclosed 86 photographs of a vehicle that law enforcement seized as part of its investigation. The photos are of the interior and exterior of the vehicle and its contents, i.e. personal affects, and property of either the owner or other individuals who occupied the vehicle at some point. The photos do not contain any personal identifying information. If this Court were to grant Plaintiff's motion as written, it would prevent counsel for Mr. Smith from leaving copies of the photographs for Mr. Smith despite the fact that they contain no personal identifier information.

## CONCLUSION

Counsel for Mr. Smith does not object to the government's motion to the extent that it would require that discovery containing personal identifier information not be left with Mr. Smith or with witnesses or their counsel. Mr. Smith objects to Plaintiff's motion to the extent that it is overbroad because it prevents Mr. Smith from receiving and keeping discovery simply because it is a photograph or contains the names of individuals who are not otherwise protected by Federal Rule of Criminal Procedure 16(d)(1) and for which no good cause has been shown to necessitate the government's proposed limitations.

**WHEREFORE**, Counsel for Mr. Smith respectfully requests that this Court find that Plaintiff's motion is overbroad and enter a modified order granting Plaintiff's motion but altering paragraph 5(a)(vi) to read "Defense counsel may leave materials in the possession of their client and witnesses and their counsel only if such materials do not include personally identifiable information about victims and witnesses, including but not limited to birth dates, social security numbers, and addresses."

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
devon_fooks@fd.org
daniel_snyder@fd.org
hadley_brown@fd.org

_/s/ filed electronically on 4/26/24_
DEVON M. FOOKS, AFPD
DANIEL B. SNYDER, AFPD
HADLEY BROWN, AFPD
Attorneys for Jaremy Alexander Smith