FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 3 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) Cr. No. 24-434 JB
)
JAREMY ALEXANDER SMITH, )
)
)
Defendant. )

## PROTECTIVE ORDER

This matter having come before the Court on the United States' Motion for Protective Order governing discovery materials produced by the United States, and the Court having considered the United States' motion, finds that this motion is well taken and should be granted.

IT IS THEREFORE ORDERED that any disclosure of the material and information in this regard shall be subject to the following restrictions:

1. Material received by the defendant (through their attorneys) from the United States shall not be shown or otherwise provided or disclosed to individuals other than:

   i. Defendant;

   ii. Defendant's attorney of record;

   iii. Employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of motions, hearings, trial, or appeal in this matter;

   iv. Witnesses and their counsel to whom it is reasonably necessary that the material be shown for the purposes of motions, hearings, or trial; and

v.   Experts or consultants who are assisting in the motions, hearings, trial, or appeal in this matter.

2. Defense counsel may leave materials obtained from the United States in the possession of their client and third parties only if such materials do not include personally identifiable information about victims and witnesses, including but not limited to ~~names~~ birth dates, social security numbers, addresses, photographs, and audio and video recordings. Individuals to whom discovery material is shown or otherwise provided must be provided with a copy of this protective order, and agree to be bound by its terms prior to being shown or otherwise provided with any material.

[Handwritten annotations: "JB 5/3/24"]

3. Nothing in this protective order limits a defendant or the United States from disclosing material in this or related judicial proceedings, including in motions, at hearings, at trial, or in an appeal. This protective order requires, however, that the party redact any personal identifying information, any financial information, and other private information in accordance with Fed. R. Crim. P. 49.1.

4. Within sixty days after the conclusion of this case, including the conclusion of any direct appeal or the expiration of the time limit within which to file such an appeal, as well as any collateral review, defense counsel shall return to the United States or notify the United States that it has destroyed the material that counsel received from the United States during this matter.

[Handwritten annotation: "The photographs, and audio and video recordings may be left at the detention facility as long as"]

It is so Ordered.

[Handwritten annotation on left: "they remain in the hands of facility personnel when counsel leave. Mr. [illegible] the [illegible] laptop. Sheet A"]

_____
HONORABLE JAMES O. BROWNING
UNITED STATES DISTRICT JUDGE

4. Defense counsel may provide the disclosure for the use of his/her paralegal and/or assistant, but that paralegal and/or assistant shall not further copy said discovery without further order of the Court.

5. This Order shall not prevent defense counsel from otherwise showing or discussing with his/her client evidence contained within that discovery. Defendant must return any disclosure to the defense team at the conclusion of any meeting at which Defendant is permitted to view the disclosure. Defendant may not take any of the disclosure out of the room in which they are meeting with the defense team. Defendant may not write down or memorialize any of the disclosure, except as permitted in Section 6g of this order. Defendant may not disclose any of the disclosures or their contents, directly or indirectly, to any person or entity other than those employed to assist in the defense.

6. Defendant will be provided with an ~~F.B.I.~~ laptop computer or a tablet ("the computer") on which he may view unclassified discovery.

    a. The computer will be modified to prevent any type of connection or communication to or from the laptop.

    ~~b. Defendant may not copy, keep, maintain, or otherwise possess any disclosure in this case at any time, except on the computer.~~

    c. The computer will be password-protected. Only Defendant and counsel for defense will have the password.

    d. The computer will be stored in a secure location with a designated custodian at the facility where Defendant is housed pending trial and shall be returned to that secure location after each period when he is finished reviewing discovery subject to this order.

    e. Defendant will be searched before and after he checks out the computer from its secure location.

    ~~f. No person other than the F.B.I. may alter, dismantle, disassemble, or modify~~

2

~~the laptop in any way, or attempt to circumvent any security feature of the computer.~~ *AJB 5/3/24*

    g.    The Defendant shall not copy, remove, or otherwise transfer any portion of the discovery onto any recordable media or recordable device. The computer will have an application which permits the taking of notes on the device. ~~These notes may only be shared with counsel for Defendant, and Defendant shall be responsible for deleting these notes prior to returning the computer to the F.B.I.~~ *AJB 5/3/24*

    h.    Defendant shall only review discovery in a private room where no other inmates are present.

    (i.)    No cell phones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, or other personal communication devices are permitted in the *private room* ~~secure room containing the computer.~~ *AJB 5/3/24*

    ~~j.    The computer may contain software to ensure unauthorized actions are not undertaken on the computer. This monitoring will be limited to tracking unauthorized actions only and will not infringe upon any privacy concerns of Defendant regarding discovery review. The monitoring shall not track keystrokes or record what documents Defendant reviews, or the length of time spent on any document or page.~~ *AJB 5/3/24*

7.    At the conclusion of any meeting with the Defendant, the member of the defense team present shall take the disclosure with him or her. ~~At no time, will any of the disclosure be left in the possession, custody or control of the Defendant.~~

8.    ~~The Order shall not prevent defense counsel from otherwise using the disclosure to investigate or prepare for its case. Defense counsel may use the disclosure to support any motion, direct-examination, cross-examination, etc., but may not attach any disclosure from the Government as an exhibit to any motion without an accompanying Motion to Seal said exhibit(s).~~

3