IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                     Crim. No. 24-434 JB

**JAREMY ALEXANDER SMITH**,

    Defendant.

## **UNITED STATES' UNOPPOSED MOTION TO DESIGNATE CASE COMPLEX**

The United States files this Motion pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and seeks an order from this Court designating this case as complex. The United States further requests that the Court hold a status conference and thereafter issue a scheduling order tailored to this case.

**I.    PROCEDURAL BACKGROUND**

This case arises from the March 15, 2024, murder of a New Mexico State Police Officer. The defendant was arrested on a criminal complaint on March 21, 2024 (Doc. 1), and, on March 22, 2024, made his initial appearance before United States Magistrate Judge Kirtan Khalsa. Minute Order, March 22, 2024. On April 9, 2024, the federal grand jury returned a six-count indictment that charged the defendant with: Count 1: Carjacking Resulting in Death, in violation of 18 U.S.C. § 2119(3); Count 2: Causing Death Through Use and Possession of a Firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1); Count 3: Kidnapping Resulting in Death, in violation of 18 U.S.C. § 1201(a)(1); Count 4: Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), (g)(2), and 924; Count 5: Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j); and Interstate Transportation of a Stolen Motor Vehicle, in violation of 18 U.S.C. § 2312. The defendant is detained pending trial (Doc. 29), which is currently set for September 9, 2024. Doc. 42.

1

## II.     SUMMARY OF THE DISCOVERY AND CASE ISSUES

Prior to disclosing any discovery to the defendant, the United States sought, and the Court granted, a protective order relating to the disclosure of discovery in this case. Doc. 35. Pursuant to that order, the United States has disclosed approximately 20,000 pages of discovery to the defendant, including law enforcement reports, photographs, videos, phone records, location data, forensic reports, and other pertinent material relating to this investigation. The investigation of this matter is ongoing, and the United States will faithfully discharge is continuing duty to disclose as additional materials inevitably become available.

Suffice it to say, this investigation is large and complex, involving federal and state law enforcement entities in both New Mexico, South Carolina, and various states in between. The United States is working diligently to gather all materials related to this investigation from the numerous entities involved in the investigation. Given the nature of the crimes, there are hundreds of federal and state law enforcement officers involved in this investigation, many of whom have generated reports subject to disclosure.

In summary, the investigation remains very much ongoing, including, but not limited, extensive forensic testing of evidence collected in South Carolina and New Mexico. Further, the United States anticipates that evaluations in connection with Federal Rule of Criminal Procedure 12.2 will be sought by the parties. Additionally, the United States anticipates that the nature of the crimes and the potential penalties will generate substantial pre-trial litigation which cannot commence until the voluminous discovery is reviewed by the defendant.

### III.     REQUEST TO DESIGNATE THE CASE "COMPLEX"

Under the terms of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, the trial of a criminal case must commence within 70 days of the later of the filing of charges or a defendant's initial appearance, exclusive of excludable periods of delay.  18 U.S.C. § 3161(c)(1).  The defendant has sought two continuances thus far, docs. 39 and 42, and the Court presently has trial set for September 9, 2024.  Given the complexity of this case, the issues involved, the need for the defendant to conduct his own pre-trial investigation, the anticipated Rule 12.2 evaluations, and the substantial pre-trial litigation that lies ahead, this Court, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), can designate the case "complex" and impose a scheduling order/case management order tailored to this case.

Because of the complexity of the investigation, the parties submit "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  18 U.S.C. § 3161(h)(7)(B)(ii).  Counsel for the defendant does not oppose this motion.

### IV.     CONCLUSION

For these reasons, the United States seeks an order from this Court pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) designating this case as complex.  Further, the United States requests that the Court convene a status conference and thereafter issue a scheduling order tailored to this case.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/
Jack Burkhead
Paul Mysliwiec

3

                                      Assistant United States Attorneys
                                      201 3rd St. NW, Suite 900
                                      Albuquerque, NM 87102
                                      (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on August 15, 2024.

/s/
_____
Jack E. Burkhead
Assistant United States Attorney