IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,     § | |
| § | |
| Plaintiff,     § | |
| § | |
| v.     § | No.  1:24-CR-00434-001 JB |
| § | |
| JAREMY ALEXANDER SMITH,     § | |
| § | |
| Defendant.     § | |

## DEFENDANT JAREMY SMITH'S OBJECTIONS TO PRESENTENCE REPORT AND SENTENCING MEMORANDUM

**COMES NOW**, Defendant, Jaremy Smith, by and through his attorneys of record, Assistant Federal Defenders, Devon M. Fooks and Daniel B. Snyder, and Theresa M. Duncan, and hereby submit Defendant's Objections to Presentence Report and Sentencing Memorandum in Support of a Sentence of Life Imprisonment.

### INTRODUCTION

On April 9, 2024, a New Mexico Federal Grand Jury indicted Mr. Smith on six criminal counts arising out of related incidents occurring on March 13 and March 15 of 2024.

On January 17, 2025, Mr. Smith entered a plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to every count of the indictment save one, Count 6 charging Mr. Smith with Interstate Transportation of a Stolen Motor Vehicle.  Mr. Smith pled guilty to Carjacking Resulting in Death, Discharge of a Firearm in Furtherance of a Crime of Violence Resulting in Death, Kidnapping Resulting in Death, Felon in Possession of a Firearm, and Possession of a Stolen Firearm in counts 1-5 respectively.

In exchange for his plea of guilty, the parties agreed that Mr. Smith would receive a sentence of life in prison without the possibility of release. This Court accepted Mr. Smith's plea of guilty on January 17, 2025, during the plea colloquy with Mr. Smith.  [Doc. 62, p. 43, line 2].

## OBJECTIONS TO PRESENTENCE REPORT

Mr. Smith objects to paragraphs 16, 20, 34, 41, 53, 73, 124, and 125 of the presentence report. Mr. Smith also objects to paragraphs 10-22 of the presentence report to the extent that he is unable to admit to those facts *at this time* given the federal prosecution pending in the District of South Carolina.

*Objection to Paragraph 16*

Mr. Smith objects to paragraph 16 of the presentence report to the extent that it indicates that both Mr. Smith's phone and Jane Doe's phone were in the area where Ms. Doe's body was found. This is incorrect. Mr. Smith's and Ms. Doe's phones were both pinging near the residences of Mr. Smith and Ms. Doe at the same time the BMW was in the location of Ms. Doe's body.

*Objection to Paragraph 20*

Mr. Smith objects to paragraph 20 of the presentence report to the extent that Mr. Smith received $1500.00 for the sale of firearms. Upon information and belief Mr. Smith's Cash App records indicate that Mr. Smith received $350.00 for what the defense believes was the sale of firearms.

*Objection to Paragraphs 34 and 41*

Mr. Smith objects to paragraphs 34 and 41 of the presentence report to the extent that they state that there is camera footage which shows Mr. Smith "laid in ambush" in a resident's backyard while fleeing from law enforcement on March 17, 2024.  Upon information and belief there is no

video footage showing that Mr. Smith was laying in ambush. Mr. Smith had no intentions of ambushing any law enforcement officer on that day. Mr. Smith did; however, attempt to hide in a local resident's yard in an effort to avoid detection and apprehension.

**Objection to Paragraphs 53, 124, and 125**

Mr. Smith objections to paragraphs 53, 124 and 125 of the presentence report to the extent that they inappropriately indicate that the sentence for Mr. Smith's conviction for using a firearm during the course of and in furtherance of a crime of violence in Count 2 of the indictment must run consecutively to the terms of imprisonment imposed on Counts 1, 3, 4, and 5.

After consultation with Assistant United States Attorneys Jack Burkhead and Paul Mysliwiec, along with United States Probation Officer Jason Hunt the parties have agreed that this court is not required to run Mr. Smith's sentence for Count 2 run concurrently to all other counts. The parties rely on the Supreme Court's ruling in *Lora v. United States*, 599 U.S. 453 (2023) in support of their conclusion.

**Objection to Paragraph 73**

Mr. Smith objects to paragraph 73 of the presentence report to the extent that it states that Mr. Smith robbed a man at gunpoint and that Mr. Smith "presented a pistol and told the man to take it all off."

Mr. Smith never pointed a pistol during the course of the robbery. The discovery provided to counsel during the pendency of this case clearly indicates that the passenger of the vehicle involved in the robbery is the one who pulled out a small caliber semi-auto handgun. [Discovery at p. 6967]. The discovery also indicates that law enforcement determined that Mr. Smith was the

driver of the vehicle, not the passenger. [Discovery at p. 6967]. Accordingly, Mr. Smith objects to this paragraph because he is not the individual who pointed the firearm as stated in paragraph 73.

## SENTENCING MEMORANDUM

Mr. Smith has a tremendous amount of remorse over his actions related to the death of John Doe. Counsel for Mr. Smith recognize that it doesn't always seem like this is the case. As noted by others who have been present in the courtroom during other hearings, Mr. Smith can sometimes be seen with a big grin. Mr. Smith's family has reported in meetings with defense counsel that Mr. Smith has worn that same grin throughout his entire life. Mr. Smith's family reported that Mr. Smith would grin as a response to a number of different situations. He grinned when he was happy and when he was sad, or mad. Mr. Smith also smiles when he gets nervous. It is unclear to counsel at this point if Mr. Smith's grinning is a nervous response to stressful situations or representative of an ongoing mental health ailment. What is clear, however, is that Mr. Smith is extremely remorseful over his actions surrounding John Doe's death.

Mr. Smith agreed to enter into the plea agreement for two reasons. First, Mr. Smith undeniably and wholeheartedly admits to his actions surrounding John Doe's death and fully accepts responsibility for all of his actions that took place between March 13, 2024 and March 17, 2024. Second, Mr. Smith wanted to spare John Doe's family from what would have been a lengthy and undoubtedly traumatizing trial. Mr. Smith expressed his desire to accept responsibility for his actions very early on in the litigation but his ability to do so was slowed by the nature of the charges and the possible penalties. Mr. Smith's efforts to accept responsibility for his actions were also delayed due to potential state and federal charges in South Carolina. Mr. Smith's acceptance of responsibility will also save judicial resources by avoiding what would likely be a lengthy hearing pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002).

**WHEREFORE**, Mr., Smith respectfully requests that this court sustain his objections to paragraphs 16, 20, 34, 41, 53, 73, 124, and 125 of the presentence report.

**FURTHERMORE**, Mr. Smith respectfully requests that this court accept the plea agreement in this matter and sentence Mr. Smith to a life sentence in the custody of the United States Bureau of Prisons without the possibility of parole or release.

        Respectfully submitted,

        FEDERAL PUBLIC DEFENDER
        111 Lomas Blvd., NW, Suite 501
        Albuquerque, NM 87102
        (505) 346-2489
        (505) 346-2494 Fax
        devon_fooks@fd.org
        daniel_snyder@fd.org
        teri@duncanearnest.com

        */s/ filed electronically on 3/13/25*
        DEVON M. FOOKS, AFPD
        DANIEL B. SNYDER, AFPD
        THERESA M. DUNCAN

        Attorneys for Jaremy Alexander Smith